FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 DEC -7 PM 2: 32
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WEBB MASON, INC.
*Plaintiff,*

v.

Civil Action No. ELH-17-3016

VIDEO PLUS PRINT SOLUTIONS, INC.
*Defendant.*

## MEMORANDUM

On October 13, 2017, plaintiff Webb Mason, Inc. ("Webb Mason") filed suit against defendant Video Plus Print Solutions, Inc. ("VPP"). Webb Mason brings a claim of breach of contract against VPP, alleging a violation of the non-interference clause in the parties' preferred partnerhip agreement. ECF 1 ("Complaint").

On October 23, 2018, VPP, a Canadian limited liability company, filed for bankruptcy in Ontario, Canada (ECF 29-1, "Notice of Bankruptcy") and notified the Court of the bankruptcy. ECF 27. The next day, I held a scheduling conference with counsel for both sides. *See* Docket. During the conference, I requested memoranda from the parties addressing whether this case is subject to an automatic stay as a result of VPP's bankruptcy filing in Canada.

On October 30, 2018, Webb Mason filed a memorandum in opposition to a stay. ECF 28. Thereafter, on November 13, 2018, VPP submitted its memorandum (ECF 29), seeking a stay. VPP also filed exhibits (ECF 29-1) and a memorandum from Michael Baigel of Baigel Corp (ECF 29-2). Baigel Corp is the trustee of the bankrupt estate of VPP. Webb Mason replied on November 19, 2018. ECF 30.

No hearing is necessary to resolve the dispute. Local Rule 105.6.

## Discussion

In 2005, Congress enacted Chapter 15 of the Bankruptcy Code to "provide effective mechanisms for dealing with cases of cross-border insolvency." 11 U.S.C. § 1501(a). It authorizes "the representative of a foreign insolvency proceeding to commence a case in a U.S. bankruptcy court by filing a petition for recognition of the foreign proceeding." *Jaffe v. Samsung Elecs. Co.*, 737 F.3d 14, 24 (4th Cir. 2013) (citing 11 U.S.C. §§ 1504, 1509(a), 1515). If the foreign representative's petition meets the requirements listed in § 1517, the court must grant "recognition" to the foreign proceeding. 11 U.S.C. § 1517. Further, the court must recognize the foreign proceeding as "a foreign main proceeding" if it is "pending in the country where the debtor has the center of its main interests." *Id.* § 1517(b)(1); *see also id.* § 1502(4). In such cases, the representative of the foreign proceeding is entitled to an automatic stay under § 362. *See id.* § 1520(a)(1).

In *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325 (S.D.N.Y. 2008), the district court said, *id.* at 333 (internal citations omitted):

> Recognition turns on the strict application of objective criteria. Conversely, relief is largely discretionary and turns on subjective factors that embody principles of comity. If recognition is refused, then the bankruptcy court is authorized to take any action necessary to prevent the U.S. courts from granting comity or cooperation to the foreign representatives.
>
> Requiring recognition as a condition to nearly all court access and consequently as a condition to granting comity distinguishes Chapter 15 from its predecessor section 304. Prior to the enactment of Chapter 15, access to the United States courts by a foreign representative was not dependent on recognition; rather, all relief under section 304 was discretionary and based on subjective, comity-influenced factors. By establishing a simple, objective eligibility requirement for recognition, Chapter 15 promotes predictability and reliability. The considerations for post-recognition relief remain flexible and pragmatic in order to foster comity and cooperation in appropriate cases.
>
> The objective criteria for recognition reflect the legislative decision by UNCITRAL [United Nations Commission on International Trade Law] and

Congress that a foreign proceeding should not be entitled direct access to or assistance from the host country courts unless the debtor had a sufficient pre-petition economic presence in the country of the foreign proceeding. If the debtor does not have its center of main interests or at least an establishment in the country of the foreign proceedings, the bankruptcy court should not grant recognition and is not authorized to use its power to effectuate the purposes of the foreign proceeding. Implicitly, in such an instance the debtor's liquidation or reorganization should be taking place in a country other than the one in which the foreign proceeding was filed to be entitled to assistance from the United States.

Both the plain language and legislative history of Chapter 15 thus requires a factual determination with respect to recognition before principles of comity come into play.

Webb Mason maintains that VPP has not filed a Chapter 15 petition and therefore is not entitled to an automatic stay pursuant to § 362. Conversely, VPP contends that Chapter 15 does not expressly state that filing a petition with the bankruptcy court is necessary for obtaining a stay. ECF 29 at 5-6. Further, VPP maintains that principles of comity warrant the stay of the case.

In support of its argument, VPP relies almost entirely on § 304, which was repealed in 2005 with the enactment of Chapter 15, as well as case law that predates Chapter 15. VPP cites only two cases decided after 2005: *In re Agrokor d.d.*, 591 B.R. 163 (Bankr. S.D.N.Y. 2018) and *In re Atlas Shipping A/S*, 404 B.R. 726 (Bankr. S.D.N.Y. 2009). Both are cited to support the claim that "many of the principles and processes underlying section 304 remain in effect under chapter 15." ECF 29 at 4-5 (citing *Atlas Shipping A/S*, 404 B.R. at 738); *see also id.* at 4 n.5 (citing *Atlas Shipping A/S*, 404 B.R. at 738 and *Agrokor*, 591 B.R. at 186).

But, these cases were considering post-recognition relief, not recognition or pre-recognition relief. They contrasted "recognition of the foreign proceeding," which "turns on the objective criteria under section 1517," with "'relief [post-recognition],'" which "is largely discretionary and turns on subjective factors that embody principles of comity.'" *Agrokor* 591 B.R. at 186 (quoting *Bear Stearns*, 389 B.R. at 333) (alteration in original); *Atlas Shipping A/S*,

404 B.R. at 738 (quoting *Bear Stearns*, 389 B.R. at 333) (alteration in original). As a result, neither is apposite.

Moreover, the trustee for the bankrupt estate of VPP stated in a memorandum to the Court (ECF 29-2) that it "understands that unless an application is made and Chapter 15 of the US Bankruptcy Code is employed, the Trustee cannot seek to extend the [Canadian] stay beyond its borders." *Id.* at 4.

## Conclusion

VPP has not filed for recognition in compliance with Chapter 15. And, I have not recognized the proceeding. Accordingly, I decline to stay this case. An Order follows.

Date: December 7, 2018        /s/

Ellen L. Hollander
United States District Judge